DAVID R. ZARO (BAR NO. 124334)
TED FATES (BAR NO. 227809)
TIM C. HSU (BAR NO. 279208)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
          tfates@allenmatkins.com
          thsu@allenmatkins.com

Attorneys for Plaintiff
WILLIAM J. HOFFMAN, Receiver

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Nationwide Automated Systems, Inc., Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM FIRESTONE, individually, as Trustee of the Firestone Family Trust, and as shareholder of the dissolved corporation, Firestone Holdings, Inc.; and FIRESTONE HOLDINGS, INC. a California corporation, <br><br> Defendants. | Case No. 2:15-cv-8498 <br><br> **COMPLAINT FOR FRAUDULENT TRANSFER** |

1  Plaintiff William J. Hoffman of Trigild, Inc. ("Receiver"), the Court-appointed

2  permanent receiver for Nationwide Automated Systems, Inc. ("NASI"), Oasis Studio

3  Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and

4  their subsidiaries and affiliates (collectively with NASI, "Receivership Entities"),

5  hereby brings the following Complaint against the above-captioned Defendants and

6  alleges, on behalf of the Receivership Entities, as follows:

7  **I.    JURISDICTION AND VENUE**

8  1.    This Court has jurisdiction over this matter under 28 U.S.C.

9  sections 1345 and 1367(a), and the doctrines of ancillary and supplemental

10  jurisdiction, in that this action arises from a common nucleus of operative facts as,

11  and is substantially related to the original claims in, the Securities and Exchange

12  Commission ("Commission") enforcement action styled as *Securities and Exchange*

13  *Commission v. Nationwide Automated Systems, Inc., et al.*, United States District

14  Court, Central District of California, Case No. 14-CV-07249-SJO (FFMx) ("SEC

15  Action").

16  2.    This Court may exercise personal jurisdiction over the above-captioned

17  Defendants pursuant to Federal Rule of Civil Procedure 4(k)(1)(A).

18  3.    Venue in the Central District of California is proper under 28 U.S.C.

19  section 1391 because this action is an ancillary proceeding to the SEC Action and

20  because the Receiver was appointed in this District pursuant to the Preliminary

21  Injunction and Orders (1) Freezing Assets; (2) Prohibiting the Destruction of

22  Documents; (3) Requiring Accountings; and (4) Appointing a Receiver entered by

23  this Court in the SEC Action on October 29, 2014 ("Preliminary Injunction").

24  **II.    PARTIES**

25  4.    The Receiver is the duly appointed permanent receiver for the

26  Receivership Entities and was appointed permanent receiver for the Receivership

27  Entities pursuant to the Preliminary Injunction.  Among other things, the Preliminary

28  Injunction calls for the Receiver to recover and marshal, for the benefit of creditors

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835596.01/SD

1  of and investors in the Receivership Entities, any and all assets which were owned,

2  leased, occupied, or otherwise controlled by the Receivership Entities or were

3  otherwise purchased with assets of the Receivership Entities.  The Receiver holds

4  exclusive authority and control over the assets of the Receivership Entities, including

5  over the causes of action alleged herein, over which this Court has ancillary and

6  supplemental jurisdiction.

7       5.     On information and belief, William Firestone, individually, as trustee of

8  the Firestone Family Trust, and as shareholder of the dissolved corporation Firestone

9  Holdings, Inc., is a citizen and resident of the County of Los Angeles, California and

10 is a recipient of assets of the Receivership Entities as described further herein.

11      6.     On information and belief, Firestone Holdings, Inc. is a dissolved

12 California corporation with a last known business address in the County of

13 Los Angeles, California and is a recipient of assets of the Receivership Entities as

14 described further herein.

15              **III.   FACTUAL ALLEGATIONS**

16 **A.     The Purported Business of the Receivership Entities and the**

17         **Commencement of the SEC Action**

18      7.     As alleged by the Commission in the SEC Action, NASI raised money

19 from investors by selling them Automated Teller Machines ("ATMs"), leasing the

20 ATMs back from investors, managing the ATMs for the investors, and paying the

21 investors "rents" that were guaranteed to total at least 20% of the purchase price paid

22 for the ATMs per year.  The Receivership entities also paid referral fees to investors

23 and other agents who recruited new investors to purchase ATMs.

24      8.     In actuality, the Receivership Entities did not sell any ATMs to

25 investors, but instead fabricated and sold fictitious ATMs with fabricated serial

26 numbers and locations.  The "rents" paid to investors who purchased fictitious

27 ATMs, as well as referral fees paid to investors and agents, were paid from the

28 amounts raised from other investors.  Thus, NASI operated a classic Ponzi scheme.

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

835596.01/SD                                    -2-

1    9.    On or about September 17, 2014, the Commission initiated the SEC

2  Action against the Receivership Entities and their principals Joel Gillis and Edward

3  Wishner, alleging violations of federal securities laws.  The Commission petitioned

4  for the Receiver's appointment, and on September 30, 2014, and October 29, 2014,

5  this Court entered orders appointing the Receiver, first on a temporary basis and then

6  as permanent receiver for the Receivership Entities.

7    **B.    The Receiver's Authority and Investigation Pursuant to His**

8         **Appointment**

9    10.    Pursuant to the terms of his appointment, the Receiver is vested with

10 exclusive authority and control over the assets of the Receivership Entities.

11 Specifically, Article XII of the Preliminary Injunction vests the Receiver with the

12 "full powers of an equity receiver, including, but not limited to . . . full power to

13 institute, pursue, and prosecute all claims and causes of action . . ."

14    11.    The Receiver's investigation to date supports and confirms the

15 Commissions allegations in the SEC Action, including that NASI operated a Ponzi

16 scheme, sold fictitious ATMs to investors and made rent and referral fee payments to

17 investors from funds raised from other investors.  Defendants Gillis and Wishner

18 filed answers to the SEC's complaint in which they admit the facts supporting the

19 SEC's Ponzi scheme allegations.

20    **C.    Criminal Indictment and Guilty Pleas**

21    12.    On December 16, 2014, Gillis and Wishner were arrested and charged

22 with mail fraud, wire fraud, conspiracy, and aiding and abetting.  *United States v.*

23 *Gillis, et al.*, C.D. Cal. Case No. 14-CR-00712-SJO.  Gillis and Wishner waived

24 indictment, surrendered their passports, and were released on bail.  On January 13,

25 2015, and January 21, 2015, respectively, Wishner and Gillis plead guilty to all four

26 counts of the criminal information.  In connection with Gillis' guilty plea, a statement

27 of facts signed by Gillis that supports the guilty plea was filed by the government

28 ("Statement of Facts").  As part of his guilty plea, Gillis stated under oath that the

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1  facts in the Statement of Facts were true.  The Statement of Facts is attached hereto

2  as Exhibit A.

3      13.    The Statement of Facts is fully incorporated herein by reference.  The

4  facts stated therein are included in this complaint as though fully restated and alleged

5  herein.

6      **D.     The Fraudulent Transfers to Defendants From the Receivership**

7          **Entities**

8      14.    Attached hereto as Exhibit B is a schedule of bank transfers from

9  Defendants to NASI and from NASI to Defendants.  As the schedule reflects, the net

10  amount received by Defendants ("Profit Amount") is calculated by subtracting

11  (a) transfers from NASI to Defendants ("Payments from NASI") from (b) transfers

12  from Defendants to NASI ("Deposit Amount").  Defendants' Profit Amount is

13  $2,343,906.[1]

14      15.    Defendants had no business dealings with NASI apart from transactions

15  relating to the purchase and leasing of fictitious ATMs and provided no services or

16  other value to NASI other than amounts paid for the fictitious ATMs.

17          **COUNT I – FRAUDULENT TRANSFER**

18      16.    The Receiver incorporates herein each and every allegation contained in

19  Paragraphs 1 through 14, inclusive, hereinabove set forth.

20      17.    Over the course of its pre-receivership operations, NASI paid the Profit

21  Amount to Defendants with the intent to hinder, delay, or defraud NASI's creditors.

22  Such payments were made from the proceeds of the Ponzi scheme which were

23  generated from investors in the scheme.

24      18.    The Receivership Entities received nothing of value in exchange for the

25  payments that comprise the Profit Amount.

26

27  [1]  All transfers from Payments from NASI occurring (a) after Defendants received
    payments equal to the Deposit Amount, and (b) more than seven years prior to the
28  date of filing this Complaint have been excluded from the calculation of the Profit
    Amount.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835596.01/SD                                              -4-

1    19.    At the time the payments comprising the Profit Amount were made to

2  Defendants, NASI was engaged in or about to engage in business transactions for

3  which its remaining assets were unreasonably small in relation to the business or

4  transaction.

5    20.    NASI was insolvent, or became insolvent, shortly after the subject

6  payments comprising the Profit Amount were made to Defendants.

7    21.    NASI intended to incur, or believed or reasonably should have believed

8  it would incur, debts beyond its ability to pay as they became due.

9    22.    As a consequence, the full Profit Amount is an actual and constructively

10  fraudulent transfer under California's Uniform Fraudulent Transfer Act ("CUFTA"),

11  Cal. Civ. Code section 3439, *et seq.*, and is subject to immediate disgorgement to the

12  Receiver.

13  **PRAYER FOR RELIEF**

14    WHEREFORE, the Receiver prays for judgment against Defendants as

15  follows:

16    (a)    For a judgment against Defendants avoiding the transfers from NASI to

17  Defendants comprising the Profit Amount; and

18    (b)    For an order directing Defendants to pay restitution to the Receiver in

19  the Profit Amount on account of the fact they have been unjustly enriched; and

20    (c)    For an order deeming the Profit Amount paid to Defendants to be held

21  in constructive trust for the benefit of the Receivership Entities; and

22    (d)    For an order directing Defendants to immediately pay the Profit

23  Amount, plus prejudgment interest and costs, to the Receiver; and

24    (e)    For such other and further relief as the Court may deem proper.

25  Dated:  October 29, 2015                    ALLEN MATKINS LECK GAMBLE
                                                MALLORY & NATSIS LLP
26

27                                              By:      /s/ Ted Fates

28                                              TED FATES
                                                Attorneys for Plaintiff
                                                WILLIAM J. HOFFMAN, Receiver

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835596.01/SD                                    -5-